**SECOND DIVISION**
**MERCIER, C. J.,**
**MILLER, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**March 5, 2024**

# In the Court of Appeals of Georgia

A23A1534. EVERETT v. PARKER.

HODGES, Judge.

Steven Everett appeals from a 12-month stalking protective order issued by the Superior Court of Douglas County prohibiting him from "coming around or contacting" Paul Parker. Everett contends that the conditions for issuing a 12-month protective order were not satisfied and that the trial court erroneously restricted him from attending certain public court hearings.[1] Because we conclude that Parker failed to present any evidence that Everett's actions placed him in reasonable fear for his safety, we reverse.

---

[1] Although not required by our rules, Parker did not file an appellee's brief. See Court of Appeals Rule 23 (b) ("Appellees are encouraged but, other than the State in a criminal case, are not required to file a brief.").

1. Everett first argues that Parker failed to present sufficient evidence of stalking to support a temporary protective order. We agree.

"OCGA § 16-5-94 (d) authorizes a court to grant a protective order 'to bring about a cessation of conduct constituting stalking.'" *Garnsey v. Buice*, 306 Ga. App. 565 (703 SE2d 28) (2010). Protective orders may "[d]irect a party to refrain from such conduct" or "[o]rder a party to refrain from harassing or interfering with the other[.]" OCGA § 16-5-94 (d) (1), (2). "In order to obtain a protective order based on stalking, the petitioner must establish the elements of the offense by a preponderance of the evidence." (Citation and punctuation omitted.) *Sinclair v. Daly*, 295 Ga. App. 613, 614 (672 SE2d 672) (2009). To that end, stalking occurs when a person

> follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person. . . . For the purposes of this article, the term "harassing and intimidating" means a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear for such person's safety or the safety of a member of his or her immediate family, by establishing a pattern of harassing and intimidating behavior, and which serves no legitimate purpose.

2

OCGA § 16-5-90 (a) (1). We review the grant of a protective order for abuse of discretion. *Garnsey*, 306 Ga. App. at 565.

Here, Parker filed a petition for a stalking temporary protective order on March 10, 2023, alleging that Everett surreptitiously installed a tracking device on Parker's vehicle. The trial court issued an ex parte stalking temporary protective order on the same date and scheduled a hearing for March 28, 2023. Evidence adduced at the hearing on Parker's petition revealed that Everett is Parker's wife's stepfather. At some point in 2022, Parker filed for divorce, after which his wife obtained a temporary protective order against him for reasons that are not clear from the record. Parker was awarded supervised visitation of the couple's daughter, and during one such visit at a roller skating rink, Parker left his cell phone recording in his vehicle. When he viewed the recording after the visit, Parker noticed Everett driving through the skating rink parking lot, parking at an adjacent business, and returning to the skating rink lot on foot. The recording then showed Everett approaching Parker's vehicle, disappearing from view for approximately 40 seconds, and then reappearing and

leaving the scene.[2] Thereafter, Parker found a tracking device on his vehicle[3] and reported the incident to police.[4]

Parker indicated that he had "never had any issues with . . . Everett," but added that Everett is "entangled" with Parker's divorce from his wife and that Everett had attended every court date associated with that case. For his part, Everett agreed that he had never had any issues with Parker. Everett admitted that he would observe from a distance the transfers for the supervised visitations, in which his stepdaughter would drop off Parker's daughter with the visitation supervisor, Parker would arrive for the visitation, and the supervisor would return Parker's daughter to Everett's stepdaughter after Parker left the visitation. Everett denied placing a tracking device on Parker's vehicle, but admitted taking a photograph of Parker's license plate, to demonstrate that the plate was actually registered to another vehicle for possible use

---

[2] Although the transcript demonstrates that the trial court viewed the recording during the hearing, the recording, contained in a flash drive Parker submitted, was never tendered as an exhibit and is not included in the record on appeal.

[3] On cross-examination, Parker admitted that he had no direct evidence linking Everett to the tracking device.

[4] At the time of the hearing in this case, Parker testified that law enforcement was still investigating the placement and ownership of the tracking device.

in his stepdaughter's divorce from Parker. Thereafter, the trial court issued a 12-month stalking protective order.

To obtain a stalking protective order against Everett, Parker had to prove by a preponderance of the evidence that Everett's actions caused "emotional distress by placing [Parker] in reasonable fear for [his] safety or the safety of a member of his . . . immediate family[.]" OCGA § 16-5-90 (a) (1). The record is devoid of any such evidence. Not only did Parker fail to offer any testimony remotely concerning the effect of Everett's alleged actions, the pair independently testified that there had been no issues prior to the encounter at the skating rink parking lot. Indeed, the only evidence in the record related to a sense of fear is Everett's testimony that his stepdaughter was "scared" of *Parker*, which resulted in Everett monitoring the supervised visitation transfers. In short, "[o]ur review of the record shows no evidence that [Everett] engaged in a pattern of intimidating and harassing behavior that placed [Parker] in reasonable fear for his safety. It follows that the trial court abused its discretion in granting the stalking protective order." *Sinclair*, 295 Ga. App. at 616; compare *Garnsey*, 306 Ga. App. at 566-567 (1) (outlining frequent pattern of

neighbor's behavior to support stalking temporary protective order). Therefore, we reverse the trial court's order.

2. In view of our reversal of the protective order in Division 1, we need not address Everett's remaining enumeration that the trial court erred in prohibiting him from attending court proceedings with his stepdaughter to offer her "moral and emotional support[.]"

*Judgment reversed. Mercier, C. J., and Miller, P. J., concur.*